IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERGREEN FIBRES INC<br>45 NE Industrial Rd., Suite 101<br>Branford, Connecticut 06405<br>Plaintiff,<br><br>v.<br><br>FLEXORA LLC<br>8 The Green, Suite B<br>Dover, Delaware 19901<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION No.: |

**COMPLAINT**

Plaintiff Evergreen Fibres, Inc. files this Complaint against Defendant Flexora, LLC and in support avers as follows:

## I. THE PARTIES

1. Plaintiff, Evergreen Fibres, Inc., is a corporation with an address of 45 NE Industrial Road, Suite 101, Branford, CT 06405. ("Evergreen").

2. Defendant, Flexora LLC, is a limited liability corporation with an address of 8 The Green, Suite B, Dover, DE 19901 ("Flexora").

## II. JURISDICTION AND VENUE

3. This Court possesses diversity jurisdiction under 28 U.S.C.§ 1332.

4. The amount in controversy exceeds $75,000.

5. Plaintiff Evergreen Fibres, Inc. is a citizen of Maryland and Connecticut. Evergreen is organized and existing under the laws of Maryland, with its principal place of business at 45 NE Industrial Road, Suite 101, Branford, Connecticut 06405.

6. Upon information and belief, Defendant Flexora, LLC is a citizen of and is domiciled in Delaware. Defendant Flexora maintains its principal address at 8 The Green, Suite B, Dover, Delaware 19901.

7. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §§ 1391, as the Terms and Conditions that both parties have agreed to venue in the United States District Court for the Eastern District of Pennsylvania. A true and correct copy of the Terms and Conditions are attached as Exhibit "A."

## III. FACTS

8. In early 2026, Evergreen placed four purchase orders with Flexora for packaging materials.

9. Evergreen paid Flexora deposits and partial payments towards the orders that totaled $128,330.84.

10. After the orders were placed, but before the items were delivered, Evergreen canceled the four orders.

11. Flexora has failed and refused to return Evergreen's payment.

12. Flexora has failed and refused to return any portion of Evergreen's deposits and continues to wrongfully withhold the funds.

### COUNT I

### Restitution/Return of Deposit Under UCC § 2-718

13. Evergreen incorporates the prior paragraphs as if set forth at length.

14. Under UCC § 2-718(2), when a seller justifiably withholds delivery of goods because of a buyer's breach, the buyer is entitled to restitution of any amount by which the sum of their payments exceeds the statutory limitation.

15. Because there is no liquidated damages clause, the statutory limitation is the lesser of twenty percent (20%) of the value of the total performance or $500. The total value of the contract performance is $386,495.84. Twenty percent of this total amount is $77,299.17.

16. The lesser amount is $500.

17. Evergreen is legally entitled to restitution of its deposit minus $500, resulting in a net refund due of $127,830.84

WHEREFORE, Evergreen respectfully requests judgment in its favor and against Flexora in the amount of $127,830.84 plus accruing interest and costs.

**COUNT II (In the alternative)**

**Unjust Enrichment**

18. Evergreen incorporates the prior paragraphs as if set forth at length.

19. Evergreen conferred a benefit on Flexora by providing Flexora with money for good or products in the amount of $128,330.84.

20. Flexora did not complete the requested delivery of goods or products.

21. Flexora appreciated the benefit by retaining $128,330.84.

22. Flexora's acceptance and retention of the money would be unjust and inequitable as Flexora did not repay the money as required.

WHEREFORE, Evergreen respectfully requests judgment in its favor and against Flexora in the amount of $128,330.84 plus interest and costs.

HIGH SWARTZ LLP

Date: September 28, 2026

By:______________________

Kevin Cornish, Esquire
Samantha Porter, Esquire
High Swartz LLP
40 East Airy Street
Norristown, PA 19404
Phone: (610) 275-0700
Fax: (610) 275-5290
kcornish@highswartz.com
sporter@highswartz.com
*Attorneys for Plaintiff*
*Evergreen Fibres Inc.*

**VERIFICATION**

I, John Simanski, General Counsel, Evergreen Fibres, Inc., do hereby verify that I have read the foregoing Complaint and it is true and correct to the best of my knowledge, information, and belief.

This statement is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

Date: 09/25/26